UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENIUS GROUP LIMITED,<br><br>    *Petitioner,*<br> v.<br><br>LZG INTERNATIONAL, INC., MICHAEL THOMAS MOE and PETER RITZ,<br><br>    *Respondents,*<br> and<br><br>VSTOCK TRANSFER, LLC,<br><br>    *Nominal Respondent.* | CIVIL ACTION NO. 1:24-cv-08464-KPF |

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO THE LZG INTERNATIONAL INC. SHAREHOLDERS' MOTION TO INTERVENE**

                  **THE BASILE LAW FIRM P.C.**

                  */s/ Christopher M. Basile*
                  Christopher M. Basile, Esq.
                  Joseph F. Rose, Esq.
                  390 North Broadway, Suite 140
                  Jericho, NY 11753
                  Tel.:  (516) 455-1500
                  Fax:  (631) 498-0748
                  Email: chris@thebasilelawfirm.com
                      joe@thebasilelawfirm.com

                  *Counsel for Petitioner Genius Group Limited*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

PROCEDURAL HISTORY ..................................................................................................4

ARGUMENT .........................................................................................................................6

   I.    PROPOSED INTERVENOR FAILS TO ESTABLISH THE ELEMENTS TO INTERVENE AS OF RIGHT IN THIS PROCEEDING .....................................................6

   II.   THE SUBSTANTIVE ISSUES RAISED BY THE SHAREHOLDERS WILL NOT BE HEARD BY THIS COURT, AS THIS IS A PROCEDURAL PETITION TO MAINTAIN THE STATUS QUO IN AID OF GENIUS' PENDING ARBITRATION PROCEEDING .....................................................................................................................8

   III.  THE SHAREHOLDERS INAPPROPRIATELY SEEK TO RAISE IDENTICAL SUBSTANTIVE ISSUES AND SEEK THE SAME RELIEF FROM THIS COURT ON CAUSES OF ACTION ASSERTED IN TWO SEPARATE, PENDING ACTIONS, PLACING THE PARTIES' ONGOING SETTLEMENT NEGOTIATIONS IN JEOPARDY ..............................................................................10

CONCLUSION ...................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*American Home Assur. Co. v. Starr Tech. Risks Agency, Inc.*,
 2006 N.Y. Misc. LEXIS 233 (Sup. Ct. N.Y. Cty. Feb. 8, 2006) ..................................................8

*Bridgeport Guardians, Inc. v. Delmonte*,
 602 F.3d 469 (2d Cir. 2010)..........................................................................................................7

*Carey et. al. v. Moe et. al.*,
 Case No. 1:24-cv-7551 (S.D.N.Y. Oct. 4, 2024) ........................................................................1

*D'Amato v. Deutche Bank*,
 236 F.3d 78 (2d Cir. 2001)..........................................................................................................11

*Floyd v. City of New York*,
 770 F.3d 1051 (2d Cir. 2014)...................................................................................................6, 7

*Goldstein v. Solucorp Indus.*,
 2014 U.S. Dist. LEXIS 207607 (S.D.N.Y. Oct. 17, 2014) .........................................................11

*In re Holocaust Victim Assets Litigation*,
 225 F.3d 191 (2d Cir. 2000)........................................................................................................11

*Levin v. United States*,
 633 Fed. Appx. 69 (2d Cir. 2016) ...............................................................................................11

*"R" Best Produce, Inc. v. Shulman-Rabin Mktg., Corp.*,
 467 F.3d 238 (2d Cir. 2006)..........................................................................................................6

*Shawn Carey et. al. v. Michael Moe et. al.*,
 Case No. 2024-019773-CA-01 (Miami-Dade Cty. Ct. Oct. 14, 2024) ........................................1

*United States v. Pitney Bowes, Inc.*,
 25 F.3d 66 (2d Cir. 1994)............................................................................................................11

**Statutes, Rules & Other Authorities:**

CPLR § 7502(c) ................................................................................................................................8

Fed. R. Civ. P. 24(a)(2)....................................................................................................................6

Petitioner Genius Group Limited ("Petitioner" or "Genius"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to the LZG International, Inc. Shareholders' ("Shareholders") Motion to Intervene, ECF 19 ("Motion").

**PRELIMINARY STATEMENT**

This proceeding was initiated by Petitioner seeking a temporary restraining order ("TRO") and preliminary injunction ("PI") in order to maintain the status quo pending the resolution of the dispute between Petitioner and Respondents LZG International, Inc. ("LZG"), Michael Thomas Moe ("Moe") and Peter Ritz ("Ritz," together with LZG and Moe, "Respondents"), whether that resolution was reached through arbitration or settlement. *See* ECF 1 ("Petition"). As it stands, the parties are actively in the midst of negotiating settlement terms agreeable to both Petitioner and Respondents.

The Shareholders of LZG, having already commenced two separate civil class actions against the Respondents,[1] seek to intervene in this Petition proceeding before this Court—a proceeding in which Petitioner seeks to maintain the status quo pending arbitration or a settlement between the parties. Issues regarding the Shareholders' substantive rights outside of the maintenance of the status quo have not been raised, are not intended to be raised by Petitioner, and have no place to be heard in this limited proceeding. The Shareholders' Motion here seeks to unnecessarily complicate and interrupt what has, thus far, been a relatively simple and amicable proceeding to maintain the status quo while the parties actively engage in ongoing settlement negotiations pending arbitration.

---

[1] The Shareholders have previously initiated actions against the Respondents both in this District and the Circuit Court for the County of Miami-Dade, Florida. *See Carey et. al. v. Moe et. al.*, Case No. 1:24-cv-7551 (S.D.N.Y. Oct. 4, 2024); *Shawn Carey et. al. v. Michael Moe et. al.*, Case No. 2024-019773-CA-01 (Miami-Dade Cty. Ct. Oct. 14, 2024).

In the Motion, the Shareholders specifically note that they seek to intervene to oppose Petitioner's petition for a preliminary injunction because, "a determination on [Genius'] motion for preliminary injunction will impact the Shareholders' right to the [Genius] stock because, if granted, the relief could postpone, for years, the release of [Genius] shares…." Motion at 8. Petitioner has a fiduciary duty to act in the best interest of its shareholders which, after the merger between Genius and LZG was completed, also includes LZG's Shareholders. Petitioner believes that the company would be at risk of *severe, irreparable damage* should the Shareholders be permitted to intervene and oppose the injunction.

Without an injunction in place, it is indisputable that the Shareholders will imminently seek to initiate a transfer of 73,873,748 shares Genius common stock from VStock Transfer, LLC ("VStock"), with the intent of immediately selling the shares on the open market to recover "millions of dollars in losses" that they claimed they have "suffered." Motion at 8. In fact, during the November 12, 2024 telephonic conference on the TRO, the Court noted to the parties that "there is a possibility that someone might attempt to transfer the[] shares away from Genius or away from LGZI before these matters are fully resolved," and granted the TRO because the Court wished to "preserve the status quo pending the resolution of the disputes between the parties." *See* Transcript of Nov. 12, 2024 Telephone Conference at 12:19-23. Plainly, the Shareholders' Motion is the manifestation of the risk to the maintenance of the status quo that the Court took note of when explaining the decision to grant the TRO to the parties and is *precisely* the reason why Petitioner initially filed its petition for injunctive relief in the first place.

There has been no determination on the validity of the underlying disputed transaction pending before the International Chamber of Commerce, nor any court order or judgment entitling the prospective Intervenor(s) any compensation, shares, or any determination based on any substantive rights they may have to the same. Nor has any court reduced any claims the prospective Intervenors may assert substantively to a monetary amount. The Shareholders' belief that they can recover "millions of dollars" by flooding the market with Genius common stock is *incredibly* shortsighted and *precisely* the reason why Petitioner initially sought to file a petition for a preliminary injunction. A flood of Genius common stock of this magnitude entering the market would be disastrous for both Petitioner and the Shareholders as Genius' stock price and market capitalization would be *massively* diluted, jeopardizing ongoing settlement negotiations.

The Shareholders would not be able to sell all 73,873,748 shares to recover the amount of losses they believe they "suffered" without the basic, natural market forces of *supply and demand* dictating that an increase in the supply of Genius shares in the market without an increase in demand would place *extreme downward pressure* on Petitioner's share price. Once the shares that the Shareholders seek to release enter the open market, it would be impossible for either Petitioner, the Respondents, or the Shareholders to recover them. The market will factor the additional 73,873,748 shares into Genius' market price and this damage would be irreversible. It seems that relatively little thought has gone into this Motion other than attempting to circumvent their own civil actions and have this Court decide entitlement to the shares, which would likely be the result if the TRO is dissolved, and the Court denies Petitioner's motion for a preliminary injunction.

As previously set forth by Petitioner in the Petition (defined below), this carries a near-guaranteed, irreparable risk of Genius failing to meet the listing requirements of the New York Stock Exchange, which would result in Genius' delisting. *See* ECF 1 at 9, ¶¶ 60-61; ECF 6 at 14. For the reasons set forth herein, Petitioner respectfully requests that this Court deny the Shareholders' Motion.

## PROCEDURAL HISTORY

On November 8, 2024, Petitioner filed its Petition for a Temporary Restraining Order and Preliminary Injunction in Aid of Arbitration ("Petition"). *See* Petition, ECF 1.

By order to show cause ("OTSC"), Petitioner sought to enjoin the Respondents, Respondents' agents, employees, attorneys, and affiliates, and VStock Transfer, LLC ("VStock") from selling, transferring, assigning, encumbering, or otherwise disposing of Respondents' shares of common stock or stock certificates in Genius or taking any action that would enable Respondents to sell, transfer, assign, encumber, or otherwise dispose of its Genius shares of common stock, pending the hearing and determination of the Arbitration commenced by Genius against the Respondents before the International Chamber of Commerce on October 30, 2024. *See* OTSC, ECF 3.

Additionally, Petitioner sought to appoint a third-party trustee to serve as a proxy for the Respondents' voting shares in Genius during any and all Genius shareholder meetings, pending the hearing and determination of the Arbitration between GNS and Respondents. *See Id.* Further, Petitioner sought to enjoin the Respondents from participating in Genius shareholder meetings and from participating in Genius shareholder voting, pending the hearing and determination of the Arbitration between GNS and the Respondents. *See Id.*

On November 8, 2024, the Court filed a scheduling order ("Scheduling Order") for the parties to appear on November 12, 2024, at 12:00 PM. On November 12, 2024, none of the parties opposed Petitioner's request for a TRO, and the Court granted Petitioner's request for TRO ("Order").

Under the Order, the Respondents are temporarily restrained and enjoined from taking any steps or other process that result in any attempt to sell, transfer, assign, encumber, or otherwise dispose of Genius' shares of common stock, and the Respondents are temporarily restrained and enjoined from participating in Genius shareholder meetings and from participating in Genius shareholder voting. *See* Order, ECF 14.

On November 26, 2024, the Court ordered that the Respondents show cause on why an Order should not be issued granting Petitioner a PI. *Id.* On November 25, 2024, Petitioner submitted a letter ("First Letter") to the Court, requesting an extension of the TRO and an adjournment of the PI hearing by three weeks. *See* First Letter, ECF 19. The Court granted the extension of the TRO by one week, and adjourned the PI hearing to December 18, 2024. Additionally, on November 25, 2024, the Shareholders filed their Motion. *See* Motion, ECF 19.

On December 12, 2024, Petitioner submitted a second letter ("Second Letter") to the Court, requesting an expedition of the PI hearing and an extension of the TRO to December 10, 2024. *See* Second Letter, ECF 21. On December 3, 2024, the Court endorsed the requests made in the Second Letter ("Memo Endorsement"), and extended the TRO and expedited the PI hearing to December 10, 2024 at 3:00 PM. *See* Memo Endorsement, ECF 22. Additionally, the Court ordered that any response from the parties to the Motion is due on or before December 6, 2024 at 5:00 PM. *See Id.*

## ARGUMENT

I.  **PROPOSED INTERVENOR FAILS TO ESTABLISH THE ELEMENTS TO INTERVENE AS OF RIGHT IN THIS PROCEEDING**

A third-party may intervene into an action as of right when the third-party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See* Fed. R. Civ. P. 24(a)(2).  An intervenor must: (1) timely file an application;  (2) show an interest in the action;  (3) demonstrate that the interest may be impaired by the disposition of the action;  and (4) show that the interest is not protected adequately by the parties to the action. *See "R" Best Produce, Inc. v. Shulman-Rabin Mktg., Corp.*, 467 F.3d 238, 241 (2d Cir. 2006).  A failure to satisfy any one of these four requirements is a sufficient ground to deny intervention. *See Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014) ("We have underscored that a 'failure to satisfy any one of these four requirements is a sufficient ground to deny the application.'").

The Shareholder Motion was untimely when it was made.  When determining whether a motion to intervene is timely, courts consider: "(1) how long the applicant had notice of the interest before it made the motion to intervene;  (2) prejudice to existing parties resulting from any delay;  (3) prejudice to the applicant if the motion is denied;  and (4) any unusual circumstances militating for or against a finding of timeliness." *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).  The purpose of the Shareholder Motion is to have an opportunity to oppose the relief Petitioner is seeking.  If such a Motion would be granted, it would prejudice the existing parties, as it would most likely delay any decision on the injunctive relief being sought by Petitioner as the Court would need to consider any opposition that is raised by the Shareholders.  The purpose of this proceeding is to aid the arbitration that is currently pending between the parties in this

6

proceeding, and any delay that results from this Motion would severely prejudice Petitioner. Therefore, it is apparent that the first requirement for intervention is not satisfied.

Second, the Shareholders fail to establish that they have an interest in this immediate proceeding. The Second Circuit established that interest in the litigation must be "direct, substantially, and legally protectable." *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010). Indeed, when "[a]n interest … is remote from the subject matter of the proceeding, or … is contingent upon the occurrence of a sequence of events before it becomes colorable," intervention should be denied. *See Floyd v. City of New York*, 770 F.3d at 1060.

The Shareholders' interest in this proceeding concerns the Genius shares that are currently restrained and enjoined from being sold, transferred, assigned, encumbered, or disposed by the TRO, and are currently under the ownership of LZG. The Shareholders do not have any claim or right over the Genius shares that are currently restrained, LZG does. As the Shareholders admit in their letter to VStock ("VStock Letter"), the Genius common shares that are enjoined from being traded or transferred "are currently held under the ownership of LZGI." *See* VStock Letter, ECF 1-7. At best, the interest that the Shareholders are purporting to have in this proceeding is remote and contingent on LZG authorizing the stock transfer and VStock transferring the Genius shares of common stock. The interest that the Shareholders' claim to have is not "direct, substantial, or legally protectable." Thus, Shareholders have failed to satisfy the second and third requirements of intervening as a matter of right.

Finally, assuming, *arguendo* that the Shareholders' have a legitimate interest in this proceeding, as described in greater below, the Shareholders' interest is indeed adequately protected by not only LZG, but also Genius. LZG owed a fiduciary duty to the Shareholders, and now that Genius purchased LZG, Genius owes a fiduciary duty to the Shareholders as well. The

Shareholders' argument that the parties in this action defrauded them does not hold muster, as there has been no adjudication made on the merits of these claims by this Court or the courts in which the Shareholders filed their separate class action lawsuits. In fact, both separate actions that were brought by the Shareholders are still in their infancy stages, as only complaints have been filed. It is evident that the Shareholders are using their "claims" that were brought in the separate action to justify that they cannot be adequately represented in this immediate proceeding. Hence, it is apparent that the Shareholders failed to establish the final requirement to intervene.

As such, it is axiomatic that the Shareholders fail to satisfy all four requirements to intervene in this limited proceeding as of right.

## II. THE SUBSTANTIVE ISSUES RAISED BY THE SHAREHOLDERS WILL NOT BE HEARD BY THIS COURT, AS THIS IS A PROCEDURAL PETITION TO MAINTAIN THE STATUS QUO IN AID OF GENIUS' PENDING ARBITRATION PROCEEDING

CPLR § 7502(c) provides for provisional remedies, such as a preliminary injunction, in connection with a pending arbitration proceeding. In a CPLR § 7502(c) proceeding, substantive issues relating to the pending arbitration proceeding are not heard or adjudicated by the Court. *American Home Assur. Co. v. Starr Tech. Risks Agency, Inc.*, 2006 N.Y. Misc. LEXIS 233, at *3 (Sup. Ct. N.Y. Cty. Feb. 8, 2006) (noting "the court cannot definitively decide the substantive issue of the validity of the Agreement" on a CPLR § 7502(c) motion).

The Shareholders are adamant that they have "an interest and right to intervene in this action" in order to disrupt the status quo that is currently being maintained by the TRO that Petitioner, *and the Respondents*, have consented to keeping in place while the parties negotiate a settlement and that no opposition to the preliminary injunction relief has been filed by any of the respondents. *See* Motion at 8; ECF 14 ("TRO"); ECF 22 at 2. While the TRO has been in effect, the parties have actively been negotiating settlement terms.

Petitioner fails to see how the maintenance of the status quo, the existing state of affairs, places the "rights" of the Shareholders in such an egregious state of peril that the Shareholders felt it necessary to attempt to intervene in a proceeding in which Petitioner is asking the Court for an order directing VStock to protect the financial stability of Petitioner and its shareholders, *including LZG's Shareholders*, until the dispute between the parties is heard in arbitration or a settlement is reached. The Shareholders' Motion and intended opposition to the injunction should be seen for what it truly is, actions taken in opposition to the efforts the parties have made toward the settlement of their dispute for the purpose of self-enrichment.

The Shareholders further argue that they "cannot expect any of the existing parties to this matter" to "adequately protect their interests or the interests of LZGI" because the parties "have colluded to defraud them." Amusingly, this argument asserts that the parties, including LZG, are "conspiring" to "defraud" LZG and the Shareholders, even though the parties have a fiduciary duty to protect the interests of the Shareholders.

The Shareholders initiated two separate actions to address the substantive issues they are attempting to raise before this Court, yet the Shareholders believe this proceeding is the proper forum to address them. It is not. Again, there is a singular, specific purpose to this proceeding—the maintenance of the status quo pending the resolution of either an arbitration proceeding between the parties or the parties reaching a settlement agreement.

By usurping the language contained in the Declaration of Roger Hamilton in Support of Genius' Petition for Preliminary Injunction in Aid of Arbitration, ECF 5, the Shareholders argue that any claims involving the rights of Genius' common stock "cannot be properly adjudicated without [the Shareholders'] involvement." Motion at 7-8. However, the maintenance of the status quo does not require the determination of any substantive issues relating to Genius' common stock. Again, such issues would, instead, be properly raised in the pending arbitration proceeding or in one of the two actions already filed by the Shareholders.

Petitioner believes that the Shareholders are primarily concerned about raising substantive issues to this Court surrounding their rights as LZG shareholders that would be affected by, and would be properly heard in the contractually agreed upon arbitration proceeding. This is evident as Petitioner's counsel received communications from counsel for the Shareholders indicating the Shareholder's intent to consolidate this Petition proceeding into their class action pending in this District. Petitioner strongly asserts that this would be highly improper as the Court lacks the jurisdiction in this proceeding to determine substantive issues that will be raised in arbitration or the Shareholders' pending class action.

Instead, the Court should find that, should the Shareholders want to raise substantive issues outside of the maintenance of the status quo, it would be proper to do so in their own action or by joining the pending arbitration proceeding pursuant to Article 7 of the International Chamber of Commerce's Rules of Arbitration.

**III. THE SHAREHOLDERS INAPPROPRIATELY SEEK TO RAISE IDENTICAL SUBSTANTIVE ISSUES AND SEEK THE SAME RELIEF FROM THIS COURT ON CAUSES OF ACTION ASSERTED IN TWO SEPARATE, PENDING ACTIONS, PLACING THE PARTIES' ONGOING SETTLEMENT NEGOTIATIONS IN JEOPARDY**

It is well established by the Second Circuit that the denial of a motion to intervene would be affirmed "where intervention would jeopardize a settlement between the existing parties." *See*

*Levin v. United States*, 633 Fed. Appx. 69, 71 (2d Cir. 2016); *D'Amato v. Deutche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (affirming the district court's denial of a motion to intervene where intervention would jeopardize a settlement agreement); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 72 (2d Cir. 1994) (holding that jeopardizing a settlement agreement causes prejudice to existing parties). An intervening party cannot establish it would be prejudiced if its motion to intervene is denied if the intervening party is free to file a separate action. *See Goldstein v. Solucorp Indus.*, 2014 U.S. Dist. LEXIS 207607, at *8 (S.D.N.Y. Oct. 17, 2014) (*citing In re Holocaust Victim Assets Litigation*, 225 F.3d 191, 199 (2d Cir. 2000) (noting that the intervening party failed to establish it would be prejudiced by denial of intervention because it was free to file a separate action).

Despite having already filed two separate actions seeking to raise identical issues to those they intend to raise before this Court and seeking monetary relief from the parties, the Shareholders thought it proper to attempt to intervene in this Petition proceeding of limited scope with the intent to oppose Genius' petition for a preliminary injunction in aid of arbitration. It is clear that the Shareholders would prefer if the preliminary injunction were denied, and the TRO were lifted so that they may initiate the transfer of Genius common shares to sell them on the open market. Ultimately, the outcome the Shareholders seek here is the same as the relief being sought in both separately filed actions, being that of monetary relief, but here it is via the sale of transferred Genius common stock.

In filing the Motion, the Shareholders are seeking to circumvent the judicial processes required in the class action lawsuits that *they themselves filed* in two separate courts by seeking to remove the injunctive protection that the Court put in place while the parties negotiate the settlement. Without the TRO or an injunction in place, the Shareholders would immediately seek

to initiate the transfer of the Genius shares owned by LZG, the same shares which are subject to the settlement negotiations, to sell the shares on the open market for the same monetary relief the Shareholders seek in their class actions without an adjudication of the Shareholders' class action claims on the merits. The Court should not entertain such an obvious sidestep of the judicial system and blatant disregard for maintenance of the status quo.

Further, the Shareholders' Motion fails to adequately demonstrate it would suffer prejudice if the Motion were denied and the preliminary injunction was granted. However, if it did, the very idea that the maintenance of the status quo, the very idea of preserving things *as they are*, while the parties resolve their dispute would cause prejudice to the Shareholders is absurd. The Shareholders were free to, and have filed a separate class action in this District to determine substantive issues identical to those they intend to raise before this Court. This proceeding will not determine those issues, rather this proceeding is for a single, limited purpose—maintaining the status quo pending resolution of the dispute between the parties.

To the contrary, allowing the Shareholders to intervene would substantially prejudice Petitioner and the Respondents. It has been repeatedly noted by the Second Circuit that a motion to intervene that would prejudice the existing parties and jeopardize ongoing settlement negotiations should be denied. The Shareholders have made it clear in the Motion that they oppose the injunctive relief that Petitioner seeks—identical injunctive relief that both Petitioner and the Respondents consented to extending while the parties are actively negotiating their settlement. The Shareholders' attempt to intervene to oppose the injunctive protection of the Genius shares in the possession of LZG so that they may freely initiate the transfer of the shares away from LZG—*the same shares that the parties are actively negotiating a settlement for*—places the success of the prior three weeks of negotiations and the parties' ability to successfully settle this dispute in

jeopardy. In light of the obvious prejudice the parties will suffer should the Shareholders be permitted to intervene, the Court should deny the Shareholders' Motion.

## CONCLUSION

For the reasons set forth herein, Petitioner respectfully requests that the Court deny the Shareholders' Motion to Intervene.

DATED:     Jericho, New York
               December 6, 2024

    Respectfully submitted,

    **THE BASILE LAW FIRM P.C.**
    */s/ Christopher M. Basile*
    Christopher M. Basile, Esq.
    Joseph F. Rose, Esq.
    390 North Broadway, Suite 140
    Jericho, NY 11753
    Tel.: (516) 455-1500
    Fax: (631) 498-0748
    Email: chris@thebasilelawfirm.com
            joe@thebasilelawfirm.com

    *Counsel for Petitioner Genius Group Limited*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on December 6, 2024 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    */s/ Christopher M. Basile*
    Christopher M. Basile, Esq.