USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/16/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENIUS GROUP LIMITED,

        *Petitioner*,

    -against-

LZG INTERNATIONAL, INC., MICHAEL
THOMAS MOE and PETER RITZ,

        *Respondents*.

VSTOCK TRANSFER, LLC,

        *Nominal Respondents*.

LZG INTERNATIONAL, INC.'s
SHAREHOLDERS,

        *Intervenor*.

1:24-cv-8464-MKV

SCHEDULING ORDER

SHAWN CAREY, MSS CAPITAL, LLC, HUNTS
ROAD, LLC, ION1 LLC, BRICKELL CAPITAL
SOLO 401K TRUST, KAILEY LEWIS, EDWARD
REINLE, EMANUEL VALADAKIS, and ZITAH
MCMILLAN-WARD, *individually and on behalf of
all others similarly situated*,

        Plaintiffs,

    -against-

MICHAEL MOE and PETER B. RITZ, LZG
INTERNATIONAL, INC., ROGER HAMILTON, and
GENIUS GROUP LIMITED,

        Defendants.

1:24-cv-7551-MKV

SCHEDULING ORDER

MARY KAY VYSKOCIL, United States District Judge:

        On January 6, 2025, this Court held a joint conference in both *Genius Group Limited v.
LZG International, Inc. et al*, Case No. 1:24-CV-8464 (the "Arbitration Related Action") and
*Carey et al v. Moe et al*, Case No. 1:24-CV-07551 (the "Shareholder Action"). John Parker

appeared on behalf of LZG International, Inc, Michael Moe, and Peter Ritz (Defendants in the Shareholder Action and Respondents in the Arbitration Related Action), but had not yet made an appearance on either docket.  [ECF No. 50].  The next day, this Court Ordered that counsel for Defendants/Respondents shall file an appearance on both case dockets on or before January 10, 2025.  *Id.*  And further Ordered that Respondents shall file their brief regarding the reconsideration of the preliminary injunction in the Arbitration Related Action on or before January 10, 2025.  *Id.*  Finally, the Court Ordered that any Reply from Intervenor, was due on or before 5:30 PM on January 13, 2025.  *Id.*

As of the date of this Order, counsel for Defendants/Respondents has not made an appearance on either docket and Respondents have not filed their anticipated brief in the Arbitration Related Action.  Based on representations made to the Court by counsel for Defendants/Respondents in telephone calls to chambers, counsel failed to comply with this Court's deadlines because he is awaiting his certificate of good standing from the state of Pennsylvania, which purportedly takes up to 30-days.  Counsel advised that until he receives that document, he cannot complete his *pro hac vice* application and enter an appearance or file any materials on the docket.  Notwithstanding that the Arbitration Related Action has been pending since November 7, 2024 and Mr. Parker's representation of Respondents appears to have begun on at least December 10, 2024, [ECF No. 26-1], counsel offers no explanation for his failure to initiate the process of his *pro hac vice* application sooner.  Accordingly:

IT IS HEREBY ORDERED that counsel for Defendants/Respondents LZG International, Inc., Ritz, and Moe shall file an appearance on both dockets **on or before January 27, 2025**.  If Mr. Parker is unable to be admitted *pro hac vice* on or before that date, counsel admitted to the

Southern District of New York shall appear for Respondents LZG International, Inc., Ritz, and Moe, either as substitute counsel or as local counsel for Mr. Parker.

IT IS FURTHER ORDERED that Respondents LZG International, Inc., Ritz, and Moe shall file their brief regarding the reconsideration of the preliminary injunction **on or before January 27, 2025**. Any Reply from the Intervenor, addressing only newly raised issues, is due **on or before 5:30 PM on January 31, 2025**.

IT IS FURTHER ORDERED that the previously entered preliminary injunction [ECF No. 34] in the Arbitration Related Action will remain in effect until the Court receives the additional briefing as Ordered and enters a decision on the reconsideration of the entry of the preliminary injunction.

The Clerk of Court is respectfully requested to file this Order in both *Carey et al v. Moe et al*, Case No. 1:24-CV-07551 and *Genius Group Limited v. LZG International, Inc. et al*, Case No. 1:24-CV-8464.

**The Court will not extend these deadlines any further absent extraordinary and unforeseen circumstances. If any of the additional anticipated briefing is not submitted in accordance with the deadlines set in this Order it will not be considered. Continued failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

**Dated: January 16, 2025**
      **New York, New York**
                                          **HON. MARY KAY VYSKOCIL**
                                           **United States District Judge**