USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _1/7/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENIUS GROUP LIMITED,

        *Petitioner*,

    -against-

LZG INTERNATIONAL, INC., MICHAEL
THOMAS MOE and PETER RITZ,

        *Respondents*.

VSTOCK TRANSFER, LLC,

        *Nominal Respondents*.

LZG INTERNATIONAL, INC.'s
SHAREHOLDERS,

        Intervenor.

                      1:24-cv-8464-MKV

                      <u>ORDER</u>

---

SHAWN CAREY, MSS CAPITAL, LLC, HUNTS
ROAD, LLC, ION1 LLC, BRICKELL CAPITAL
SOLO 401K TRUST, KAILEY LEWIS, EDWARD
REINLE, EMANUEL VALADAKIS, and ZITAH
MCMILLAN-WARD, *individually and on behalf of
all others similarly situated*,

        Plaintiffs,

    -against-

MICHAEL MOE and PETER B. RITZ, LZG
INTERNATIONAL, INC., ROGER HAMILTON, and
GENIUS GROUP LIMITED,

        Defendants.

                      1:24-cv-7551-MKV

                      <u>ORDER</u>

---

MARY KAY VYSKOCIL, United States District Judge:

On January 6, 2025, this Court held a joint conference in both *Genius Group Limited v.
LZG International, Inc. et al*, Case No. 1:24-CV-8464 (the "Arbitration Related Action") and
*Carey et al v. Moe et al*, Case No. 1:24-CV-07551 (the "Shareholder Action"). Jeffrey Gutchess

appeared on behalf of the Shareholders of LZG International Inc. (Plaintiffs in the Shareholder Action and Intervenor in the Arbitration Related Action). David Hoffner appeared on behalf of Defendant Genius Group Limited in the Shareholder Action. Christopher Basile and Joseph Rose appeared on behalf of Petitioner Genius Group Limited in the Arbitration Related Action. Finally, John Parker appeared on behalf of LZG International, Inc, Michael Moe, and Peter Ritz (Defendants in the Shareholder Action and Respondents in the Arbitration Related Action). At this Conference, the Court and the parties discussed the background and status of both cases, including the several pending motions filed in either or both cases.

Regarding the two motions to consolidate filed by the LZG Shareholders in the Shareholder Action [ECF No. 13] and the Arbitration Related Action [ECF No. 29], counsel for the LZG Shareholders represented that because the two cases are now in front of this Court the motions to consolidate are unnecessary and he will promptly move to withdraw those motions.

As to the motion for reconsideration with respect to the So Ordered Stipulation and Order for Entry of Preliminary Injunction in the Arbitration Related Action filed by the LZG Shareholders, counsel acknowledged that the motion does not actually address or analyze the standards for reconsideration. [ECF No. 41]. Instead, counsel explained that the motion really serves as the LZG Shareholders' opposition to the petition for preliminary injunction and that it was prepared for filing on the eve of transfer of the Arbitration Related Case to the undersigned, but not filed prior to the issuance of the preliminary injunction despite the fact that the LZG Shareholders had at that point been granted intervention for 7 days and the petition had been filed a month prior. Notwithstanding the failure to timely file an opposition and appropriately move for reconsideration, the Court will reconsider the entry of the preliminary injunction, [ECF No. 34], given the fact that this case was transferred to this Court at the same time that the LZG

Shareholders believed they were supposed to file an opposition. The motion for reconsideration will be treated as an opposition to the motion for a preliminary injunction. [ECF Nos. 41, 47, 48]. Additionally, counsel for LZG International Inc., Ritz, and Moe noted that they have not yet weighed in on the LZG Shareholders' opposition and represented that they intend to file a brief outlining their position. The Court will also consider the forthcoming brief from LZG International Inc., Ritz, and Moe in reconsidering the entry of the preliminary injunction. The previously entered preliminary injunction [ECF No. 34] will remain in effect until the Court receives all the additional briefing and enters a decision on the reconsideration of the entry of the preliminary injunction.

In relation to the motion to approve alternative service filed by the LZG Shareholders in the Shareholder Action [ECF No. 16], counsel for Defendant Genius Group Limited represented that Genius Group Limited accepts service on behalf of Genius Group Limited and waives any challenge to service with respect to Genius Group Limited. In response, counsel for the LZG Shareholders represented that he would move forward with serving Defendant Hamilton under the Hauge convention rather than seeking approval for alternative service from the Court.

Finally, at this Conference counsel for Defendant Genius Group Limited sought leave to file a motion to dismiss in the Shareholder Action. The Court and the parties discussed the anticipated motion and the Court set a briefing schedule. Further counsel for Petitioner Genius Group Limited noted that the motion to stay the Shareholder Action filed in the Arbitration Related Action, is impacted by Defendant Genius Group Limited's anticipated motion to dismiss the Shareholder Action. Accordingly, based on the parties' representations to the Court at the Conference:

IT IS HEREBY ORDERED that counsel for Defendants LZG International, Inc., Ritz, and Moe shall file an appearance on both dockets **on or before January 10, 2025.**

IT IS FURTHER ORDERED that counsel for LZG International Inc.'s Shareholders shall withdraw its motions to consolidate filed at docket entry 13 in the Shareholder Action Case No. 1:24-CV-07551 and docket entry 29 in Case No. 1:24-CV-8464 **on or before January 10, 2025**.

IT IS FURTHER ORDERED that Defendants LZG International, Inc., Ritz, and Moe shall file their brief regarding the reconsideration of the preliminary injunction **on or before January 10, 2025**. Any Reply from LZG International Inc.'s Shareholders, addressing only newly raised issues, is due **on or before 5:30 PM on January 13, 2025**.

IT IS FURTHER  ORDERED that Defendant Genius Group Limited's anticipated motion to dismiss in the Shareholder Action Case No. 1:24-CV-7551 is due **on or before January 27, 2025**. All further briefing shall be submitted in accordance with Local Rule 6.1(b). All briefing must comply with this Court's Individual Rules of Practice.

IT IS FURTHER ORDERED that the motion to approve alternative service filed at docket entry 16 in in the Shareholder Action Case No. 1:24-CV-7551 is DENIED as moot.

IT IS FURHTER ORDERED that the motion to stay the Shareholder Action Case No. 1:24-CV-07551 filed at docket entry 35 in the Arbitration Related Action Case No. 1:24-CV-8464 is DENIED without prejudice.

The Clerk of Court is respectfully requested to file this Order in both *Carey et al v. Moe et al*, Case No. 1:24-CV-07551 and *Genius Group Limited v. LZG International, Inc. et al*, Case No. 1:24-CV-8464. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 16 in *Carey et al v. Moe et al*, Case No. 1:24-CV-07551, and to terminate the motions

pending at docket entry 29 and 35 in *Genius Group Limited v. LZG International, Inc. et al*, Case No. 1:24-CV-8464.

**The parties are reminded that failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties , dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

**Dated: January 7, 2025**
    **New York, New York**

                                    **HON. MARY KAY VYSKOCIL**
                                    **United States District Judge**