USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENIUS GROUP LIMITED,

                *Petitioner*,

-against-

LZG INTERNATIONAL, INC., MICHAEL THOMAS MOE and PETER RITZ,

                *Respondents*.

VSTOCK TRANSFER, LLC,

                *Nominal Respondent*.

LZG INTERNATIONAL, INC.'s SHAREHOLDERS,

                *Intervenor*.

1:24-cv-8464-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of a letter, and supporting materials, from Petitioner requesting that the Court vacate the TRO previously entered, [ECF No. 62], because Respondents allegedly failed to properly serve Petitioner in accordance with the Court's Order. [ECF Nos. 67, 68]. In the alternative, Petitioner requests that the Court expedite the briefing and hearing schedule previously ordered. [ECF No. 68]. These materials were initially submitted to Court via email, copying all parties, because Petitioner asserted that its letter and supporting materials contained confidential information related to the underlying arbitration between Petitioner and Respondents. At the Court's direction, [ECF No. 65], Petitioner filed the materials on the docket under the "selected parties" designation, accompanied by a letter motion requesting that Petitioner's letter and supporting materials be sealed.[1] [ECF No. 66]. Respondents replied to Petitioner's letter disputing

---

[1] Petitioner has a similar letter motion to seal pending, [ECF No. 36], made in connection with its memorandum of law in opposition of Intervenor's now withdraw motion to consolidate.

Petitioner's allegations of failure to serve and raising new allegations that Petitioner may be violating the TRO. [ECF Nos. 69, 70]. Petitioner replied once again raising the same arguments of failure to serve and disputing Respondents' newly raised allegations about Petitioner's alleged violations of the TRO. [ECF No. 71].

In accordance with the Court's Order Respondents filed on February 18, 2025, before 5:30 PM, a declaration of Barry Kamar and five exhibits to demonstrate that the materials were properly served. ("Kamar Decl.," [ECF No. 63]). First, this declaration attests that on February 17, 2025, the papers were "delivered via electronic mail to Petitioner's attorneys of record Messrs. Basile and Rose." Kamar Decl. ¶ 5, Ex. B. However, the declaration notes that Messrs. Basile and Rose did not respond to the email consenting to accept service via email. Kamar Decl. ¶ 5. Next, it attests that on that same date the papers were "delivered via hand deliver by process server to Mr. Basile and Mr. Rose at their place of business." Kamar Decl. ¶ 6. However, Messrs. Basile and Rose allegedly refused to accept service on the basis that the Court Ordered Respondents to serve the Petitioner directly. *See* Kamar Decl., Exs. C–D. The declaration further attests that when the process server attempted to deliver to Petitioner's registered agent, Jolie Kahn, at the address "listed on the Petitioner's SEC filings," the security for the building informed the process server that Jolie Kahn does not have an office at that address. Kamar Decl. ¶¶ 8–9, Ex. A. Finally, this declaration attests that papers were also sent via UPS overnight mail and delivery was confirmed on February 18, 2025, to (1) Mr. Basile at his place of business, (2) Mr. Rose at his place of business, and (3) Ms. Kahn at both the address listed in Petitioner's SEC filings and her residence. Kamar Decl. ¶ 10, Ex. E.

The evidence that Respondents emailed the papers to counsel for Petitioner is insufficient to effectuate service because Respondents have not demonstrated that Petitioner or counsel for Petitioner consented in writing to service via email. *See Martin v. Deutsche Bank Sec. Inc.*, 676

F. App'x 27, 29 (2d Cir. 2017); *see also Fam. Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012) (Federal Rule of Civil Procedure 5 requires that the recipient of email service consented to service by email in writing).  However, the evidence that Respondents delivered the papers both in person and via mail to counsel for Petitioner, Messrs. Basile and Rose, satisfies the Court's Order because service on Petitioner who is represented by counsel in this matter is appropriate.  *See* Fed. R. Civ. Pro. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."); *see also Williams-Steele v. Trans Union*, No. 12-CV-310, 2013 WL 3892813, at *3 (S.D.N.Y. July 29, 2013), *aff'd sub nom. Williams-Steele v. TransUnion*, 642 F. App'x 72 (2d Cir. 2016) (pursuant to the Federal Rules of Civil Procedure "service of other papers 'must be made on the attorney' if the party is represented by an attorney").  Counsel for Petitioner's interpretation that the Court's Order was requiring Respondents to serve Petitioner *directly* as opposed to serving Petitioner through its counsel of record is both unreasonable and impractical. Service of the materials on counsel for Petitioner was sufficient to satisfy the Court's Order and the evidence filed on the docket demonstrates that service of the papers on counsel for Petitioner occurred.  *See Cantore v. City of New York*, No. 16-CV-2748, 2018 WL 10435166, at *4 (S.D.N.Y. May 9, 2018), *aff'd*, 764 F. App'x 110 (2d Cir. 2019) ("Because (1) Plaintiff is represented by counsel; and (2) this Court never directed that service **be made on Plaintiff directly**, service of the judgment on [counsel for Plaintiff] was required.") (emphasis added).

The Court set a briefing schedule to allow the parties the opportunity to assert their arguments and present evidence to the Court in advance of the scheduled hearing.  [ECF No. 62]. As such, the parties are directed to submit their materials, arguments, and evidence in accordance with the parameters the Court set in its prior Order, [ECF No. 62], and are further directed to stop submitting supplementary letters without leave from the Court.  The parties are on notice that

failure to comply with the Court's Orders may result in sanctions. The Court will not address the additional issues raised in these letters at this time. Accordingly,

IT IS HEREBY ORDERED that Petitioner's request to extinguish the TRO is DENIED.

IT IS FURTHER ORDERED that as previously directed the parties shall appear for a hearing on Respondents' motion on February 28, 2025 at 12:00 PM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. [ECF No. 62]. Additionally, the briefing schedule set by the Court in that same Order remains in effect. The parties may only submit further materials raising arguments related to the upcoming hearing in accordance with the parameters and deadlines previously set by the Court.

IT IS FURTHER ORDERED that Petitioner's requests to seal, ECF Nos. 36 and 66, are provisionally GRANTED.

**The parties are reminded that failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 36 and 66.

**SO ORDERED.**

**Date: February 21, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**