USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENIUS GROUP LIMITED,

        *Petitioner*,

-against-

LZG INTERNATIONAL, INC., MICHAEL THOMAS MOE and PETER RITZ,

        *Respondents*.

VSTOCK TRANSFER, LLC,

        *Nominal Respondent*.

LZG INTERNATIONAL, INC.'s SHAREHOLDERS,

        *Intervenor*.

1:24-cv-8464-MKV

**ORDER**

---

MARY KAY VYSKOCIL, United States District Judge:

On February 14, 2025, LZG International, Inc., Michael Moe, and Peter Ritz (collectively, "LZG"), filed a proposed order to show cause seeking a temporary restraining order ("TRO") and preliminary injunction in aid of arbitration. [ECF No. 58]. In support of its motion, LZG filed a memorandum of law, [ECF No. 59], and supporting evidence [ECF Nos. 60, 61]. The Court entered a Temporary Restraining Order, [ECF No. 62], to preserve the *status quo* until the Court had the opportunity to receive briefing from the parties, hold a hearing, and pass on the merits of LZG's motion for a preliminary injunction in aid of arbitration. *Id.* at 2. In that Order the Court set a briefing schedule and a Preliminary Injunction Hearing for February 28, 2025. *Id.* at 3. Genius Group Limited ("Genius"), submitted a memorandum of law in opposition with supporting materials. [ECF No. 74]. LZG replied. [ECF No. 76]. Shareholders of LZG International, Inc. ("Intervenor") did not file any papers in response to LZG's motion.

On February 28, 2025, the Court held a hearing on LZG's motion for a preliminary injunction. Counsel for LZG, Barry Kamar and Brian Miller, Counsel for Genius, Christopher Basile and Eric Benzenberg, and Counsel for Intervenor, Robert Brown, who previously has not made an appearance in this action, were in attendance. Counsel for Intervenor immediately notified the Court that Intervenor seeks to "un-intervene" in this action and anticipates filing a formal request imminently. The Court directed counsel to make a formal appearance on the docket and to file its motion to "un-intervene" promptly.

The parties then provided the Court with a brief update on the status of the underlying arbitration, including that there is an upcoming deadline of March 13, 2025, for LZG to file responsive papers and any counterclaims at which time an arbitrator will be assigned. The Court directed the parties to provide the Court with a joint status letter within three days of March 13, 2025 and every 45 days thereafter to apprise the Court of the status of the underlying arbitration.

The Court then heard from Genius and LZG on the merits of LZG's motion. Thereafter, the Court determined that there was good cause to extend the Temporary Restraining Order entered previously, [ECF No. 62], for an additional fourteen days to allow the Court time to review the materials and evidence submitted by the parties and issue its ruling on LZG's motion. The Court inquired if either party had any objection to the extension of the Temporary Restraining Order and no objection was made.

The Court provisionally granted the parties requests to seal certain materials submitted in support and/or opposition of LZG's motion based on the representations made by the parties that the materials contain confidential information related to the underlying arbitration. Finally, the Court asked Counsel for LZG if the informal request previously made seeking the Court to order expedited discovery, [ECF No. 69], remains a live issue. Counsel for LZG withdrew his request for expedited discovery. Accordingly as discussed at the hearing,

IT IS HEREBY ORDERED that the TRO previously entered by this Court, [ECF No. 62], shall remain in effect for an additional fourteen days.

IT IS FURTHER ORDERED that on or before March 3, 2025, Counsel for Intervenor, Robert Brown, shall make an appearance on the docket.

IT IS FURTHER ORDERED that on or before March 7, 2025, Intervenor shall file its motion to "un-intervene."

IT IS FURTHER ORDERED that the parties are directed to file a joint letter on the docket, under seal if necessary, within three days of the March 13, 2025 arbitration deadline and every 45 days thereafter advising the Court on the status of the underlying arbitration.

IT IS FURTHER ORDERED that the parties' requests to seal, [ECF Nos. 73, 79], are provisionally granted.

**The parties are reminded that failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 73 and 79.

**SO ORDERED.**

**Date: February 28, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**