**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

GENIUS GROUP LIMITED,

               Petitioner,

     v.

LZG INTERNATIONAL, INC.,
MICHAEL THOMAS MOE and
PETER RITZ,

               Respondents,

VSTOCK TRANSFER, LLC,

               Nominal Respondent.

Case No. 1:24-cv-08464-MKV

**[PROPOSED] ORDER TO SHOW CAUSE FOR**
**TEMPORARY RESTRAINING ORDER,**
**TO REOPEN ACTION AND DISSOLUTION, IN PART,**
**OF PRELIMINARY INJUNCTION**

Upon the application by Petitioner Genius Group Limited ("Genius"), by and through its counsel, The Basile Law Firm P.C., the Declaration of Roger Hamilton, dated March 25, 2025, the Declaration of Christopher Basile, dated March 25, 2025, the Memorandum of Law submitted herewith, and all the prior filings and proceedings in this action (the "Action"), it is:

I.     **ORDERED,** that the above-named Respondents LZG International Inc., Michael Thomas Moe and Peter Ritz (collectively, the "LZG Parties") show cause before a motion term of this Court, in Room 18C. United States Courthouse, 500 Pearl St., New York, NY 10007, on _____, 2025, at _____ a.m. / p.m., or as soon thereafter as counsel may be heard, why an order should not be issued as follows:

**A.**      lifting the Stay of the Action; and

**B.**      pursuant to the Rule 65 of the Federal Rules of Civil Procedure and Court's plenary power over interlocutory orders and its inherent powers of equity, vacating, in part and effective immediately, the preliminary injunction awarded by this Court on March 13, 2025, in favor of the LZG Parties and enjoining Genius from (a) issuing additional shares of its stock, (b) manipulating its shares and (c) purchasing Bitcoin with funds from investors, funds raised from rights offerings and funds raised from the purchase of additional shares.  ECF 99 ("LZG Injunction").

**C.**      Such other and further relief against the LZG Parties as the Court deems just and proper.

**II.      ORDERED,** that pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and sufficient reason having been shown therefore, pending the hearing on Genius' application to reopen the Action action and vacating the LZG Injunction, further enforcement of the LZG Injunction is temporarily and immediately restrained, thereby allowing Genius to issue additional shares of its stock and/or purchase Bitcoin with funds from investors, funds raised from rights offerings and funds raised from the purchase of additional shares.  For sake of clarity, the preliminary injunction stipulated by the parties [ECF 31] and awarded by the Court [ECF 57], which enjoins the LZG Parties, their agents, employees, affiliates and Vstock Transfer LLC from (1) selling, transferring, assigning, encumbering or otherwise disposing of their Genius shares of common stock and (2) participating in Genius shareholder meetings and Genius shareholder voting, shall remain in full force and effect.

**3**

**III.** **ORDERED,** that (1) personal service or (2) service by (a) email and (b) overnight delivery of a copy of this Order and the above-referenced Declaration and Memorandum of Law, with exhibits annexed thereto, upon the LZG Parties or their respective counsel on or before _____, 2025, at 8:00 p.m. shall be deemed good and sufficient service thereof.

**IV.** **ORDERED,** that (1) answering papers, if any, must be electronically filed and served no later than _____, 2025, and (2) reply papers, if any, must be electronically filed and served no later than _____, 2025.

DATED: _____, 2025
New York, New York

SO ORDERED:

_____
Judge Mary Kay Vyskocil
United States District Judge

**3**