```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENIUS GROUP LIMITED,

           *Petitioner*,

-against-

LZG INTERNATIONAL, INC., MICHAEL THOMAS MOE and PETER RITZ,

           *Respondents*.

VSTOCK TRANSFER, LLC,

           *Nominal Respondent*.

1:24-cv-8464-MKV

**SCHEDULING ORDER**

---

MARY KAY VYSKOCIL, United States District Judge:

      Familiarity with this Court's prior rulings and the facts and extensive procedural history of this action are presumed for purposes of this Order. The Court held a conference on April 2, 2025 to discuss, among other things, yet another emergency motion filed in this action. [ECF No. 106]. By that motion, Genius Group Limited ("Genius") requests that the Court lift the stay in this action and vacate a portion of the preliminary injunction previously Ordered in this action on March 13, 2025, [ECF No. 99], due to the alleged failure of LZG International, Inc, Michael Thomas Moe, and Peter Ritz's (collectively, "LZG") to timely post a bond as required by that same preliminary injunction. [ECF No. 106]. Genuis has appealed to the Second Circuit the Order which it now asks this Court to vacate. [*See* ECF No. 102]. On March 27, 2025, after the Court issued an Order To Show Cause in connection with LZG's failure to post a bond, [ECF No. 110], LZG did post a bond, [ECF No. 112], but Genius argues that LZG incorrectly posted an appeal bond and not a bond in connection with the preliminary injunction a required. That contention appears to be accurate. Accordingly,

IT IS HEREBY ORDERED that **on or before Friday April 4, 2025 at noon** LZG must post a bond as required by this Court's prior Orders [ECF Nos. 99, 110]. If LZG does so, Genius' motion [ECF No. 106] will be deemed moot.

IT IS FURTHER ORDERED that if LZG fails to comply with this Order, Genius is granted leave to file a letter **on or before Monday April 7, 2025 at noon** advising the Court of the status of its pending appeal and its intentions to either withdraw its pending appeal to allow this Court to consider granting the relief it seeks—*i.e.* vacating a portion of the Preliminary Injunction for LZG's failure to post a bond—or to pursue its pending appeal and extinguish its request to this Court with respect to the preliminary injunction. As discussed at the conference, due to Genius' appeal this Court has been divested of the power to grant Genius the relief it currently *and urgently* seeks from this Court. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) ("An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.' ").

IT IS FURTHER ORDERED that Genius' request to lift the stay is DENIED. The case, which was commenced by a petition and accompanying motion for emergency relief in aid of arbitration, remains stayed pending arbitration by the parties of their dispute.

IT IS FURTHER ORDERED that Genius' letter motion to seal [ECF No. 107] is provisionally GRANTED in accordance with this Court's prior Orders.

**Continued failure to comply with the Court's Orders or deadlines, or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 107.

**SO ORDERED.**

**Date:  April 2, 2025**
**       New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**