USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENIUS GROUP LIMITED,

*Petitioner*,

-against-

LZG INTERNATIONAL, INC., MICHAEL THOMAS MOE and PETER RITZ,

*Respondents*.

VSTOCK TRANSFER, LLC,

*Nominal Respondent*.

1:24-cv-8464-MKV

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ORDER TO SHOW CAUSE**

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is a motion for an Order To Show Cause Without Emergency Relief to Disqualify Mr. Serbagi as counsel for Respondent LZG International, Inc. ("LZG") in the underlying arbitration. For the reasons discussed below it is DENIED without prejudice.

## BACKGROUND

Familiarity with this Court's prior rulings and the facts and extensive procedural history of this action are presumed for purposes of this Order. In brief, this case was opened by Petitioner Genius Group Limited ("Genius") with a petition for a temporary restraining order and preliminary injunction to maintain the *status quo* in aid of arbitration. [ECF No. 1]. After numerous letters, motions, many of which were filed on an emergency basis, conferences, and hearings in this case, the Court ultimately issued a preliminary injunction to maintain the *status quo* pending arbitration[1] and stayed this case so that the parties could go arbitrate their disputes as they contractually agreed to do. [ECF No. 90]. Since then, the Court has maintained this case docket by resolving various

---

[1] This Preliminary Injunction Order is currently on appeal, *See* ECF No. 102, and the Second Circuit has granted a partial stay pending appeal. *See* ECF No. 127.

1

motions to withdraw and new attorney appearances by counsel for Respondents, [ECF Nos. 128–32, 134–41] and reviewing status letters with respect to the underlying arbitration. [ECF Nos. 103, 128 133].

On July 22, 2025, Christopher Serbagi, Esq., filed a notice of appearance on behalf of Respondents LZG, Michael Thomas Moe, and Peter Ritz (collectively, Respondents). [ECF No. 136]. Shortly thereafter, Mr. Serbagi, moved to withdraw only with respect to Respondent LZG. [ECF No 137]. The Court issued an Order To Show Cause with respect to the motion to withdraw and directed Mr. Serbagi to show cause, in writing, why his continued participation in this litigation and representation of only Respondents Moe and Ritz does not create an apparent or actual conflict of interest or interfere with counsel's separate professional and ethical obligations to both present and former clients. [ECF No. 138]. In response, Mr. Serbagi, moved to withdraw as counsel for all Respondents, [ECF No. 139], which the Court granted. [ECF No. 140]. New counsel, Robert Allen Scher, Esq., entered an appearance on behalf of Respondents Moe and Ritz. [ECF No. 141]. However, as of the date of this Order no counsel has filed an appearance on behalf of Respondent LZG.

Thereafter, Genius filed a Proposed Order To Show Cause Without Emergency Relief [ECF No. 144], a Motion for an Order To Show Cause To Disqualify Counsel [ECF No. 145], a memorandum of law in support [ECF No. 146, ("Pet. Mem.")], and a declaration of Mark R. Basile, Esq., in support of the motion. [ECF No. 147]. Genius seeks a temporary restraining order and further injunctive relief to enjoin Mr. Christopher Serbagi, Esq., from (1) participating in the Arbitration, (2) communicating with and/or appearing before the Tribunal in the Arbitration, (3) representing or otherwise advocating on behalf of LZG before the Tribunal as counsel of record, (4) appearing in the Arbitration in any capacity other than as a fact witness, and (5) any such other

and further relief as the Court deems just and proper. *See* ECF No. 145. Genius argues that because Mr. Serbagi moved to withdraw from this matter on August 15, 2025 due to potential or actual conflicts of interest between Respondent LZG and Respondents Moe and Ritz and thereafter contacted Arbitrator Dana MacGrath, on August 17, 2025, to inform her that he would be acting as legal counsel for the LZG in the underlying arbitration, the integrity of the Arbitration and any relief granted thereunder would be compromised. *See* Pet. Mem. at 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes federal courts to issue temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65. Preliminary relief "is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). A temporary restraining order may be granted without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The restrictions on the availability of *ex parte* temporary restraining orders imposed by Rule 65(b) are "stringent," *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 1124 (1974), and must be "scrupulously observe[d]." *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964).

## DISCUSSION

Genius seeks a temporary restraining order to enjoin Mr. Christopher Serbagi, Esq., however, Mr. Serbagi has withdrawn as counsel for Respondents in this case, is not otherwise a party in this action, and Genius has not filed on the docket any separate proof of service of the

3

motion and supporting materials on Mr. Serbagi.  Thus, Genius is essentially seeking an *ex parte* temporary restraining order.

As detailed above, the Federal Rules of Civil Procedure prohibit the filing of a temporary restraining order without notice to the adverse party or its attorney except in the limited circumstances provided by Rule 65(b), which are not satisfied here.  *See* Fed. R. Civ. P. 65(b)(1).  In furtherance of the Federal Rules of Civil Procedure, the Individual Rules of this Court specifically requires a party to "confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met."  *See* Individual Rule 6.B.  The Individual Rules of this Court further require a party who is seeking a temporary restraining order to call Chambers and advise chambers that a temporary restraining order is being sought and "state clearly whether (i) he or she has notified the adversary, and whether the adversary consents to temporary injunctive relief; or (ii) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary."  *Id.*

As an initial matter, Genius did not comply with this Court's Individual Rules.  No phone call was received, nor was any message was left, to chambers with respect to the presently requested temporary restraining order.  Thus, the Court has not received any of the information that a movant is required to provide in advance of seeking a temporary restraining order, including whether Genius conferred with Mr. Serbagi before making the application, whether Mr. Serbagi, the person this motion actually seeks to enjoin and disqualify, has been notified, or whether Mr. Serbagi consents or opposes the relief sought.  The presently requested relief could be denied on those grounds alone.  Additionally, the requirements for granting an *ex parte* temporary restraining order pursuant to Rule 65(b) are "stringent," *Granny Goose Foods, Inc.*, 415 U.S. at, 438-39, and have not been satisfied here.  Specifically, Genius has not demonstrated "specific facts in an

4

affidavit" that clearly show that it would suffer "immediate and irreparable injury" before Mr. Serbagi "can be heard in opposition" nor has Genius certified "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Here, denial of Petitioner's requested relief is warranted given Petitioner's failure to abide by both the Federal Rules of Civil Procedure and the Court's Individual Rules.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for an Order to Show Cause Without Emergency Relief to Disqualify Counsel filed by Genius is DENIED without prejudice to renewal. IT IS FURTHER ORDERED that on or before September 24, 2025, Petitioner shall file any renewed motion, including proof of service of the renewed motion, and any supporting papers, in accordance with the Federal Rules of Civil Procedure on Mr. Serbagi.  Prior to filing any renewed motion the parties shall also ensure full compliance with the Individual Rules of this Court.

IT IS FURTHER ORDERED that because Respondent LZG is a corporation and it may not appear in federal court *pro se*, Respondent LZG must have counsel enter an appearance on the docket within two weeks of this Order or it will once again be deemed in default.  *See Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 116 n.8 (2d Cir. 2023) ("A corporation may not appear in federal court pro se, and default may enter against a corporate defendant that fails to defend itself in the action by retaining counsel.").

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 145.

**Failure to comply with the Court's Orders or deadlines, or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, may result in**

**sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

**Date: September 3, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**