# Frankfurt Kurnit Klein + Selz PC

**Nicole I. Hyland**
28 Liberty Street, New York, New York 10005
T (212) 826-5552    F (347) 438-2140
nhyland@fkks.com

October 24, 2025

**VIA ECF AND E-MAIL**

Honorable Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>Genius Group Ltd. v. LZG Int'l, Inc., et al., Case No. 1:24-cv-08464</u>

Dear Judge Vyskocil:

     We represent LZG for the purposes of opposing Genius's Motion to disqualify Serbagi from representing LZG in the Arbitration.[1] We write pursuant to Rule 4(a)(iii) of Your Honor's Individual Rules of Practice in Civil Cases respectfully to request permission to submit a sur-reply: (1) to address two arguments made for the first time in Genius's October 20, 2025 reply memorandum (the "Reply" at Dkt. 177) and (2) to correct a material misstatement made in the Reply concerning the Arbitration schedule. "Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (citing *Stepski v. M/V Norasia Alya*, No. 06 Civ. 1694, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010)). Additionally (or as an alternative to sur-reply), LZG requests the opportunity to address these matters at an oral argument on the Motion.[2]

- ***Genius's Reply Advances Two New Theories to Support Their Disqualification Motion***

     In its opposition, LZG fully disposed of Genius's arguments concerning alleged taint to the Arbitration. In Reply, Genius shifts the goalposts by offering two new speculative theories

---

[1] This letter uses the same defined terms as in LZG's Memorandum in Opposition to the Motion, except where indicated ("Opp." at Dkt. 170).

[2] We recognize that Your Honor's rules state that Parties should request oral argument when submitting their briefs. However, at the time LZG submitted its opposition papers, it was unaware that Genius would raise these new arguments on Reply. Accordingly, we ask for the Court's lenience with respect to the timing of LZG's request for oral argument, considering this new development and the importance of Serbagi's continued representation to LZG.

regarding Arbitration taint. By raising these new arguments for the first time on Reply, Genius effectively deprives LZG of the opportunity to demonstrate that these new arguments fail to establish any basis for disqualification.

*First*, Genius argues for the first time that disqualification is necessary to protect the confidentiality of the Arbitration. *See* Reply at 1-2, 4-7. Genius's speculative new theory is that there is some risk Serbagi will disclose confidential information about the Arbitration to the Former Directors, whom Genius previously named as respondents in the Arbitration. We have searched Genius's opening memorandum of law ("Mem." at Dkt. 161) as well as the memoranda in support of Genius's previous unsuccessful motions (Dkts.146 and 156). This argument appears nowhere in those submissions, despite Genius's claim that it previously made this argument in its opening brief. *See* Reply at 1. In fact, Genius's Motion is predicated on the *opposite* theory: the supposed risk that Serbagi previously received confidential information *from the Former Directors*, not the other way around. *See, e.g.*, Mem. at 7 (discussing that the "substantial relationship" test is to protect the former clients' confidential information). Genius's new argument is meritless for multiple reasons, and its cases are distinguishable. LZG respectfully requests the opportunity to address this new argument by sur-reply.

*Second*, Genius argues for the first time that if "the plaintiffs in the Florida Derivative Action … ultimately take control over LZG," they might seek to vacate the Arbitration award. *Id.* at 4-5, 7. Again, this argument appears nowhere in any of Genius's previous submissions, which were predicated on the theory that LZG or the Former Directors might seek to vacate the Arbitration award due to a supposed conflict of interest. Because LZG's opposition fully disposed of that argument, Genius introduces the new, highly speculative theory that: (a) the Florida plaintiffs will someday gain control of LZG; (b) they will try to vacate the Arbitration award based on a purported conflict of interest; and (c) a Court will grant a motion to vacate the Arbitration award on that basis. This new theory is utterly baseless, and LZG respectfully requests the opportunity to address it by sur-reply.

- ***Genius's explanation for the misrepresentation in the Basile Decl. is a further misstatement of the facts***

LZG also requests the opportunity to correct the record regarding a material misstatement made by Genius in its attempt to explain a misrepresentation in the Basile Decl. Briefly, the Basile Decl. incorrectly stated that, as of September 26, 2025, there were no scheduled deadlines in the Arbitration for "Witness Statements, Pre-Hearing Written Submissions, Evidentiary Hearings and/or Post-Hearing Closing Written Submissions." Basile Decl. ¶ 12. This statement was used to support Genius's argument that Serbagi's disqualification would not prejudice LZG. *See* Mem. at 12 (citing the Basile Decl. and asserting "there are no immediate deadlines that Mr. Serbagi's disqualification would disrupt"). In opposition, LZG demonstrated that these Arbitration deadlines had been scheduled well before September 26, 2025. *See* Opp. at 8 & Dkt. 171-1; Fini Decl. at Dkt. 176 ¶ 6. In Reply, Genius asserts that Mr. Basile's misstatement was an

"innocuous error" – a relic of his original August 25, 2025 Declaration.  Reply at 9.  Genius further asserts that Mr. Basile's statement "was accurate" as of his August 25 Declaration.  *Id.*  In attempting to explain the misstatement, however, Genius compounds its original error.  As of August 25, 2025, Procedural Order No. 3 ("PO 3") had been in place for approximately three weeks, and contains, *inter alia*, deadlines for witness statements, written submissions, evidentiary hearings, and closing submissions.  *See* Ex. A.  LZG requests the opportunity to submit a sur-reply responding to the misstatement in Genius's Reply and including the PO 3 schedule as an Exhibit.

       In conclusion, LZG respectfully requests leave to file a sur-reply addressing Genius's new arguments on Reply and correcting the record regarding the Arbitration schedule.  LZG further requests an opportunity to address these matters at oral argument on the Motion.

                                                                  Respectfully submitted,

                                                                  Nicole I. Hyland

cc:     All Counsel of Record (via ECF); Christopher Serbagi, Esq. (via e-mail).

# Exhibit A

d.  These and other deadlines in this arbitration are hereby adjusted as follows (adjusted events and deadlines are in **bold underlined font**):

| No. | Event | Deadline/Date |
|---|---|---|
| 1. | Filing of Second Amended Request for Arbitration | July 11, 2025 |
| 2. | Deadline for Respondent to submit an amended Answer to the Second Amended Request for Arbitration dated July 11, 2025 (should it choose to do so) | **August 1, 2025** |
| 2a. | **Deadline for Claimant to submit a Response to Respondent's amended Answer and Counterclaims dated August 1, 2025 (should Claimant wish to do so)** | **August 29, 2025** |
| 3. | Exchange requests for production of documents relevant and material to the outcome of the case (see Exhibit A for example table format) | **Temporarily Suspended – deadline TBD** |
| 4. | Meet and confer period regarding requests for production of documents<br><br>Rolling production of documents as to which there are no objections and production of reliance documents (documents a party wishes to affirmatively rely on for its case) | **Temporarily Suspended – deadline TBD** |
| 5. | Exchange responses and objections regarding opposing side's requests for production of documents (see Exhibit A for example table format) | **Temporarily Suspended – deadline TBD** |
| 6. | Submit disputes, if any, regarding requests for production of documents to Arbitral Tribunal (in the format of Exhibit A) | **Temporarily Suspended – deadline TBD** |
| 7. | Exchange and submit to the Arbitral Tribunal any Witness Statements in the form of an affidavit or declaration (witness direct testimony) | September 30, 2025 |
| 8. | Exchange and submit to Arbitral Tribunal Opening **Pre-Hearing Written Submissions** (memorandum of fact and law together with copies of supporting documentary exhibits and legal authorities cited therein and witness statements cited) | October 30, 2025 |
| 9. | Proposed window for optional voluntary settlement discussions following pre-hearing submissions (not limited to this time window) | October 20-30, 2025 |

3

| No. | Event | Deadline/Date |
|-----|-------|---------------|
| 10. | Pre-Hearing Case Management Conference (virtual) – zoom link to be provided by Arbitral Tribunal – agenda to be circulated in advance of the CMC | November 6 or 7, 2025 10:00 am Eastern |
| 11. | One-Day Evidentiary Hearing (virtual) – cross examination of witnesses for whom witness statements have been submitted, possible limited redirect (30 minutes maximum) | November 13, 2025 10:00 am – 6:00 pm (*timing and breaks TBD*) |
| 12. | Final evidentiary hearing transcript to counsel and Arbitral Tribunal | November 17, 2025 |
| 12. | Exchange and submit to the Arbitral Tribunal Post-Hearing Closing Written Submissions (memorandum of fact and law together with copies of supporting documentary exhibits and legal authorities cited therein and specific references to previously submitted witness statements and final version of the evidentiary hearing transcript) | November 20, 2025 |
| 13. | Exchange and submit to the Arbitral Tribunal applications for legal fees and costs of this ICC Arbitration, *if any*,[1] which shall include the legal basis for a party to seek recovery of its legal fees and costs in this ICC Arbitration together with proof of legal fees and costs (level of detail to be discussed at a case management conference). | TBD no later than December 5, 2025 |
| 14. | Case Management Conference (virtual) – zoom link to be provided by Arbitral Tribunal | December 12, 2025 10:00 am Eastern |

SO ORDERED:

By: _____
Dana MacGrath
Sole Arbitrator

Dated: August 4, 2025

Seat of Arbitration: New York, New York

---

[1] If the parties agree, given the absence of language in the arbitration agreement providing for recovery of arbitration legal fees and costs, and the fact that this ICC Arbitration is governed by New York law, that the parties will not seek an award of legal fees and costs, this arbitration event and deadline will be eliminated from the procedural timetable.

4